**Walter HAYES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-79-735.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1981.

Tom J. Laub, Okmulgee, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

Walter Hayes has appealed his conviction of Manslaughter in the First Degree in the District Court of Okmulgee County. He argues that it was error for the trial court to give an instruction on First Degree Manslaughter, that a statement given by him to the police should have been suppressed and that it was an abuse of discretion on the part of the trial court to suspend a part of the sentence, but not all of it. We affirm.

### I

■ The appellant was charged with Murder in the First Degree, and he argues that no instruction on Manslaughter should have been given, because there was no evidence of any heat of passion. The trial court told the jury in the manslaughter instructions that "heat of passion" could result from fear or terror, as well as from anger. This is a correct statement of law. *Wood v. State*, 486 P.2d 750 (Okl.Cr.1971). The appellant's defense at the trial was that he shot his victim in self-defense, and he testified that he "really was scared" when the man came at him with a knife. Under the facts of this case, it was appropriate for the trial court to instruct the jury on manslaughter.

### II

■ When the police officers went to the appellant's home to investigate the killing, the appellant was advised of his *Miranda* rights. He said he understood them and gave a statement. Two days later he gave a different statement. At the trial the appellant sought to suppress the second statement on the ground that he should have been advised of his rights the second time.

According to the evidence, the appellant was not being questioned when he gave the second statement; he asked to talk to the police officers. He had been informed of his rights and had chosen not to exercise them. The second statement was voluntarily given and was admissible.

### III

■ The jury set the appellant's sentence at ten years in prison. He asked the district court for a suspended sentence and the court suspended half of it. The appellant recognizes that the decision to suspend all or part of a sentence is vested in the trial court's discretion, 22 O.S.Supp.1980, § 991a, but he argues that because of his advanced age of seventy-four years and poor physical condition that it was an abuse of discretion for the trial court to refuse to suspend the entire sentence. Based on the record before this Court, we do not find an abuse of discretion. We do note, however, that 22 O.S., § 994, gives the appellant an opportunity to ask the district court to reconsider the possibility of suspending the rest of the sentence. The application must be filed within ten days from the final order of this Court.

The judgment and sentence are affirmed.

BUSSEY, and CORNISH, JJ., concur.